IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

Brenda Tims
    Plaintiff(s),

vs.                                                           Case No.: 1:20-cv-24885-JEM

Family Dollar Stores of Florida, LLC
    Defendant(s).

_____/

## AMENDED COMPLAINT

COMES NOW, the Plaintiff Brenda Tims, by and through his undersigned counsel and hereby files this Complaint for Damages against Defendant Family Dollar Stores of Florida, LLC ("Family Dollar"), and states as follows in support thereof:

### General Allegations Applicable to all Counts

1. This is an action within the jurisdiction of this Court as the amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorney's fees pursuant to 28 U.S. Code § 1332(a), and this action is between citizens of different States as

    a. Defendant is a foreign company with its principal place of business in Virginia;

    b. Plaintiff is a resident of Florida.

2. Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S. Code § 1332(a).

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S. Code § 1391(b)(2), because the incident that is the subject of this lawsuit occurred at the Family Dollar store operated by the Defendant located at 3465 NW 183 Street, in Miami Gardens Florida. Therefore, Miami-Dade County, Florida is where a substantial part of the events or omissions giving rise to this lawsuit occurred.

4. Jurisdiction over the Defendant is proper pursuant to Florida Statutes § 48.193, as the Defendant is registered to do business in the State of Florida and owned, operated, and controlled the Family Dollar Store located in Miami Florida where the subject incident occurred.

5. At all times material Defendant operated, owned, controlled, leased, and maintained a commercial establishment known as the Family Dollar located at 3465 NW 183rd St Miami Gardens, FL 33056, which was open to the general public ("subject premises").

6. At all times material on December 7, 2019 Plaintiff was on the premises of said store for the purpose of conducting business and purchasing the store's goods and/or services and therefore had the status of a business invitee.

7. All conditions precedent to this cause of action have been pled or waived.

8. All documents referenced herein are not in the possession of the Plaintiff but will be obtained through discovery in this case and filed in support of this Complaint if necessary.

## COUNT I

**(Negligence)**

9. Plaintiff repeats and re-alleges paragraphs 1-8.

10. At all times material Defendant, as the owner and operator of the subject premises owed Plaintiff, a business invitee the following duties of care to;

   a. exercise ordinary care in keeping the premises in a reasonably safe condition;

   b. correct dangerous conditions of which Defendant knew or should reasonably have known, and

   c. give timely notice of patent, latent and/or concealed perils which were known or should have been known to Defendant, but that were not known to the Plaintiff;

   d. to protect Plaintiff against unreasonable risk of physical harm, and

  e. to exercise reasonable care in the performance of all duties and responsibilities undertaken gratuitously or for consideration;

  f. Provide assistance to customers when given their physical condition and the surrounding circumstances it would be reasonable to do so;

11. At all times material Defendant placed for sale various products in its store including large bags of cat litter which were stacked several feet high.

12. At all times material these large bags of cat litter were in the exclusive control of the Defendant.

13. At all times material, Defendant knew or should have known;

  a. that these bags of cat litter were of such a size and weight that they could result in injury to customers if they were not secured properly;

  b. That customers such as the Plaintiff who was an approximately 65 year-old woman at the time of the subject incident could not move or carry items of this size without the assistance of the Defendants' employees;

14. At all times material, Defendant breached these duties by engaging in the following negligent acts, modes of operation, and/or omissions:

  a. failing to properly maintain the premises when it failed to properly secure and arrange the displays of large bags of cat litter on its premises;

  b. when its employees failed to abide by Defendant's policies and procedures relating to maintaining a safe environment for its invitees and customers on its premises, when despite her requests Defendant's employees failed to assist the Plaintiff and failed to ensure that the bags of cat litter were safely arranged and secured.

  c. failed to warn Plaintiff of dangerous conditions present on its premises when Defendant had actual or constructive knowledge that displays of large and heavy items such as bags of cat litter could collapse and fall on customers such as the Plaintiff resulting in injury.

 15. Plaintiff further alleges that the Defendant was also negligent due to the fact that the display and large bags of cat litter which caused the Plaintiff's injury was under the exclusive control of the defendant; and because the sudden collapse of the large display of merchandise in Defendant's store was an occurrence that would not, in the ordinary course of events, have occurred without negligence on the part of the Defendant who was in exclusive control of the store's premises and merchandise contained therein.[1]

 16. As a direct and proximate result of the foregoing negligent acts of Defendant, on or about December 7, 2020, Plaintiff was injured when a display of large bags of cat litter suddenly collapsed on her striking and injuring her feet and lower extremities.

 17. As a direct and proximate result and/or concurring cause of the negligence of Defendant as described above, the Plaintiff, suffered great bodily injury and resulting physical pain and suffering, inability to prove her claim due to loss and/or destruction of evidence, disability, disfigurement, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition. The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

 18. Furthermore the negligent acts of Defendant have combined and resulted in an indivisible harm to Plaintiff, including bodily injury and resulting pain and suffering, disability, disfigurement, loss

---

[1] *See Macclatchey v. HCA Health Servs. of Fla., Inc.*, 139 So. 3d 970, 972 (Fla. 4th DCA 2014); *Nodurft v. Servico Ctr. Assocs., Ltd.*, 884 So. 2d 395, 397 (Fla. 4th DCA 2004).

of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

19. The actions of the Defendant further caused a bodily injury, to the Plaintiff which resulted in an aggravation of an existing disease or physical defect and/or activation of a latent disease or physical defect, which condition cannot be said would have existed apart from the injury, and therefore Plaintiff is entitled for damages for the entire injury or condition suffered.

WHEREFORE, the Plaintiff, demands jury trial and judgment for damages against Defendant, plus taxable costs and whatever other relief this Court deems just and proper.

Served with the Summons:

FLORIDA LEGAL, LLC
Attorneys for Plaintiff
12550 Biscayne Boulevard
Suite 209
North Miami, Florida 33181
(t) (305) 901-2209
(f) (786) 870-4030


/s/ Raymond R. Dieppa
Raymond R. Dieppa, Esq.
Florida Bar No. 27690
E-Mail: ray.dieppa@floridalegal.law